IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JACK C.,[1]                                              No. 3:18-cv-01559-HZ

        Plaintiff,                                OPINION & ORDER

   v.

COMMISSIONER, Social Security
Administration,

        Defendant.


HERNÁNDEZ, District Judge:

    Plaintiff brings this action for judicial review of the Commissioner's final decision

denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

1 - OPINION & ORDER

§ 1382(c)(3)). Because the Commissioner's decision is free of legal error and supported by substantial evidence in the record, the Court AFFIRMS the decision and DISMISSES this case.

## BACKGROUND

Plaintiff was born on November 26, 1956 and was fifty-eight years old on April 23, 2015, the alleged disability onset date. Tr. 26.[2] Plaintiff met the insured status requirements of the Social Security Act ("SSA" or "Act") through December 31, 2020. Tr. 17. Plaintiff has at least a high school education and is able to perform past relevant work as a truck driver. Tr. 25–26. Plaintiff claims he is disabled based on asthma. Tr. 67.

Plaintiff's benefits application was denied initially on July 1, 2015, and upon reconsideration on November 16, 2015. Tr. 15. A hearing was held before Administrative Law Judge Rudolph Murgo on June 8, 2017. Tr. 15. ALJ Murgo issued a written decision on August 9, 2017, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 15–27. The Appeals Council declined review, rendering ALJ Murgo's decision the Commissioner's final decision. Tr. 1–6.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

---

[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 11.

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 17.

At step two, the ALJ determined that Plaintiff had "the following severe impairments: asthma, obesity." Tr. 17. The ALJ determined that Plaintiff's anxiety was not severe. Tr. 17.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform medium work "except the claimant must avoid concentrated exposure to extreme cold and fumes, odors, dusts, gases, pulmonary irritants, and poor ventilation." Tr. 19.

At step four, the ALJ determined that Plaintiff could perform past relevant work as a truck driver. Tr. 25.

In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to find that there were additional jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 26–27. Accordingly, the ALJ concluded that the Plaintiff was not disabled. Tr. 27.

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)

("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ erred by "improperly rejecting the treating doctor's opinion that Plaintiff would miss two or more days of work per month." Pl. Br. 3.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). More weight is also given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If the treating physician's opinion is not contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1160–61.

Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" which are supported by substantial evidence in the record. *Id.* at 1161; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). And, when a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to

the opinion under the factors provided for in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *Id.* at 1161; *Orn*, 495 F.3d at 632–33. "These factors include the '[l]ength of the treatment relationship and the frequency of examination' by the treating physician, the '[n]ature and extent of the treatment relationship' between the patient and the treating physician, the '[s]upportability' of the physician's opinion with medical evidence, and the consistency of the physician's opinion with the record as a whole." *Ghanim*, 763 F.3d at 1161 (quoting 20 C.F.R. § 404.1527(c)(2)-(6)).

Here, Dr. Baker—a treating physician—opined, in relevant part, that Plaintiff would miss sixteen hours "or more per month from even a simple, routine job due to his impairments, symptoms, or medications and their side effects." Tr. 561. The ALJ afforded Dr. Baker's opinion little weight for three reasons: his assessments were (1) "internally inconsistent," (2) "inconsistent with the evidence of record," and (3) inconsistent with Plaintiff's "own reports of capability." Tr. 24.[3] Specifically, the ALJ noted that although Dr. Baker opined that Plaintiff had met the requirements of listing 3.03 (by experiencing asthma attacks requiring physician intervention at least once every 2 months, or at least six times a year) since 2011, the record indicated that Plaintiff was still working until 2015, when his hours were reduced. *Id.* The ALJ also noted that in 2014, Plaintiff "reported that he had only experienced two exacerbations in the past six months that had caused him to miss work, further indicating that the claimant was not nearly as limited as Dr. Baker alleges." *Id.*

---

[3] Although not challenged by Plaintiff, the Court notes that, in general, these are specific and legitimate reasons to discount a treating physician's opinion testimony. *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."); *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008) (ALJ did not err after finding that doctor's "Questionnaire responses were inconsistent with the medical records.").

Plaintiff raises a single argument in his brief: that the ALJ misinterpreted Dr. Baker's responses to an attorney questionnaire. Plaintiff argues that Dr. Baker offered two distinct opinions: (1) that Plaintiff had met the requirements of listing 3.03 since 2011, and (2) that Plaintiff's *other* impairments were only limiting as of April 23, 2015, the alleged onset date. Thus, according to Plaintiff, Dr. Baker's opinion is not internally inconsistent, inconsistent with the record, or inconsistent with Plaintiff's own reports.

"Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation omitted). Here, Dr. Baker's responses are susceptible to more than one rational interpretation. Dr. Baker was first asked whether he thought Plaintiff met the requirements of listing 3.03. Tr. 560. He responded yes, and opined that Plaintiff had met those requirements since 2011. *Id.* He was then asked whether it was "reasonable to conclude [Plaintiff] has been limited by his impairments . . . describe[d] above **since 04/23/2015?**" Tr. 561 (emphasis in original). He answered "yes." *Id.* While "impairments . . . described above" is arguably ambiguous, it was reasonable for the ALJ to conclude that Dr. Baker was referencing the impairments described in the listing—impairments that were, in fact, described above—in his response to this question. The ALJ therefore concluded that Dr. Baker's reported limitations began before, and continued after, 4/23/2015. The ALJ also concluded that the reported limitations were not consistent with the record. Because the ALJ's interpretation was a rational interpretation of Dr. Baker's responses to the questionnaire, and the ALJ provided a specific and legitimate reason to discount these responses, the ALJ's decision to afford Dr. Baker's opinion little weight must be affirmed.

Thus, as Plaintiff has not raised any additional arguments or identified any conflicting evidence in the record, the Court finds that Plaintiff has not identified any error in the ALJ's opinion.

**CONCLUSION**

The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 22 day of Oct, 2019.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge